## Commonwealth v. Burke

*George O. Wagner,* district attorney, for the Commonwealth.

*Ambrose R. Campana,* for defendant.

MYERS. *P.J.,* August 30, 1985—John E. Burke, defendant, was found guilty of driving under the influence of alcohol, 75 Pa. C.S. §3731(a)(1), by a jury on January 22, 1985.

Defendant has filed a post-trial motion seeking a new trial, which is presently before us for disposition.

Defendant raises two questions in his motion. First, did the court err by allowing the Commonwealth to introduce evidence of defendant's refusal to submit to chemical test of his breath or blood to determine alcohol content?

75 Pa.C.S §1547(e) states:

"In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of Section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumption shall arise from this evidence but it may be considered along with other factors concerning the change."

In our research we have found no decision that prohibits us from relying on the statutory authorization to use the refusal to take the test as evidence. Defendant has failed to cite any case authority on this point.

Defendant further argues that the Pennsylvania Constitution suspends the subsection in question because the subsection infringes upon the exclusion domain of the judiciary. We disagree and are not persuaded by defendant's argument.

Defendant's second argument in the motion is that he was not warned that his refusal to submit to a chemical test could be used against him. Defendant, however, was specifically told that a refusal to submit to a breathalyzer test would result in a suspension of his license for the statutory period and could be used against him at trial. The arresting officer so testified at the suppression hearing and we find his testimony to be credible.

Therefore, defendant's motion for new trial is denied.